IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
(Houston Division)

| | |
|---|---|
| Mohamed Benchellal <br> Benchellal Electrical Engineering <br><br> **Plaintiff** <br><br> v. <br><br><br><br> The Okonite Company, Inc. <br><br> **Defendant.** | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 4:22-cv-04435 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

### PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONARABLE JUDGE OF SAID COURT:

**COMES NOWS** Mohamed Benchellal and Benchellal Electrical Engineering company (collectively referred to as "Plaintiffs") and files this Plaintiffs' Original Complaint against The Okonite Company Inc. (hereinafter referred to as "Okonite"), and would respectfully show unto the Court as follows:

### PARTIES

1. Plaintiff Mohamed Benchellal is an individual and is currently a citizen of the country of Morocco.

2. Plaintiff Benchellal Electrical Engineering is a foreign company duly registered according to the laws of the country of Morocco.

3. Defendant Okonite is, upon information and belief is a foreign corporation duly registered according to the laws of the state of Texas, conducts business in the state of

1

Texas and can be served through its Texas registered agent: CT corp. 1999 Bryan St., Ste. 900 Dallas, TX 75201-3136.

## **JURISDICTION AND VENUE**

4.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. This Court has specific personal jurisdiction over Okonite, a company that conducts business nationwide over the internet, because Okonite has availed itself to the jurisdiction of this court by having certain minimum contacts with this District of the state of Texas.

4.      Venue is proper for this action pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this judicial district.

## **FACTUAL BACKGROUND**

5.      On or about June of 2021, Plaintiffs began negotiating a transaction to purchase electrical equipment from Okonite. Plaintiffs' point of contact with Okonite was Gloria Konen, Okonite's international sales representative based in Houston, Texas.

6.      On or about August of 2022, and after the terms of such transaction have been agreed upon, the Plaintiffs requested payment information to transfer funds to Okonite. Mr. Benchellal received an email that appeared to be from Gloria Konen bearing Okonite's logo, phone numbers and addresses both in New Jersey and Texas. The email provided Okonite's wiring instructions. Here is a screenshot of said email:



**Bank information for the Wire Transfer of Funds to the Okonite Company:**

CITI BANK
100 CITIBANK DR SAN ANTONIO, TX 78245
USA

THE OKONITE COMPANY
ABA No.021000089
ACCOUNT No.6877019151
Swift No.CITIUS33

*Please note that Okonite cannot proceed with manufacturing or release of customer purchase orders to the Okonite stocking service center until payment in full is received.

*All banking charges, in and out of the USA are applicant's account.

The Okonite Company's HQ: 102 Hilltop Road, Ramsey, New Jersey zip 07446 PH 201-825-0300
Houston Sales Office: 802 Century Plaza Drive, Houston, Texas zip 77073 PH 281-821-5500

7. Pursuant to the agreement with Okonite, Mr. Benchellal proceeded to wire $245,887.08 to the Citibank account identified in the above email. The following day, Mr. Benchellal composed a new email to Gloria Konen advising her the wire transfer has been initiated and attached a copy of the wire transfer receipt.

8. In Gloria's email response, she stated that Okonite has not yet received any funds from Mr. Benchellal. Confused by this news, Mr. Benchellal provided Gloria with an email he received from her, which bears her name, signature block and contact information confirming the receipt of funds.

3

9. In a follow-up email, Gloria indicated that the above email did not come from her and pointed out that the domain name of her email address is wrong and that Okonite does not have a banking relationship with Citibank.

10. Mr. Benchellal thus suspected that there was a third party who purported to be Gloria and who somehow intercepted his email communication with Okonite and has masterminded a scam to divert the Plaintiffs' funds to the third party instead of Okonite.

11. Upon information and belief, Okonite was subject to a cyber hack which compromised its email system and exposed the information of Okonite's clients including the Plaintiffs'.

12. Upon information and belief, a hacker sent a fishing email to an Okonite employee who opened the email and clicked on a link within the email which allowed the hacker to access Okonite's email system and intercept the email communications between Okonite's sales representatives and Okonite's clients.

13. Upon information and belief, the hacker sent an email that contains Okonite's credentials, contact information and requested that Mr. Benchellal to wire the money to a third-party bank account at Citibank.

14. On or about September 15, 2022, Mehdi Cherkaoui, counsel for the Plaintiffs spoke on the phone with Mr. Frank Giuliano, vice president and general counsel for Okonite regarding the Plaintiffs' claim. During this call, Mr. Giuliano admitted that the Plaintiffs are not the only victims of this scam and other Okonite customer(s) has been contacted by hackers purporting to be Okonite and requested payments to be made to them. See Mehdi Cherkaoui's affidavit attached herein.

## CAUSES OF ACTION

### I. Negligence:

14      By virtue of its contractual relationship with the Plaintiffs, Okonite owed a duty to the Plaintiffs to safeguard their electronic communication from outside interference and adhere to a cyber security protocol that would prevent such nefarious hacks.

#### A. Failure to warn

15.      Upon information and belief, the Plaintiffs are not the only victims of Okonite's cyber hack. Upon discovering of the hack, Okonite failed to take any immediate measures to protect its clients which may include but are not limited to:

a) Sending a system-wide email alerting of the cybersecurity breach;

b) Placing a conspicuous warning message on the homepage the Okonite website alerting the public that Okonite was a victim of a recent cyber hack;

c) Changing the domain name and email addresses of its entire staff after the current ones were compromised.

16.      Okonite's failure to warn its Clients of the cybersecurity breach caused the Plaintiffs damages.

#### B. Failure to train- Negligent training:

17.      Okonite failed to train its employees to detect, report and delete fishing emails that may compromise the security of Okonite's email system and expose Okonite's clients to hackers and scammers. Okonite's failure to train its employees caused the Plaintiffs damages.

## II. Negligence Under The Texas Business and Commerce Code - BUS & COM § 3.406

18.     The Texas Business Commerce Code adopting the Uniform Commercial Code states:

> " A person whose failure to exercise ordinary care substantially contributes to an alteration of an instrument or to the making of a forged signature on an instrument is precluded from asserting the alteration or the forgery against a person who, in good faith, pays the instrument or takes it for value or for collection."

"TEX. BUS. & COM. CODE ANN. § 3.406(a).

19.     The unauthorized e-mail is analogous to an altered instrument or forged signature on an instrument directing payment via wire to the wrong account.

20.     The failure of Okonite to exercise ordinary care substantially contributed to the alteration or forgery and caused the Plaintiffs to honor the request to pay in good faith. Okonite's negligence under section 3.406(a) of the Texas Buiness and Commerce Code caused the Plaintiffs damages.

## II.     Breach of Contract

21.     The Plaintiffs and Okonite entered into an agreement whereby Okonite would deliver electrical components in exchange for the Plaintiffs making a payment to Okonite. The Plaintiffs made a payment, but Okonite never performed under the agreement.

### A. Apparent Authority

22.     The Plaintiffs discharged their obligation under their agreement with Okonite when Mr. Benchellal wired funds to a third party with apparent authority to accept the funds.

6

23. The hacker's email which contains the purported wiring instructions looked authentic and identical to previous emails Mr. Benchellal received from Gloria Konen. The hacker's email contained all the usual Okonite credentials, Okonite logo, Okonite contact information, the names of Okonite employees and information about the terms of the agreement between the Plaintiffs and Okonite.

24. Upon information and belief, Okonite possessed actual knowledge that an individual(s) had hacked and compromised Okonite's email system gaining access to the confidential information that could be used to send authentic looking e-mails[1] but either stayed silent or did not take effective steps to ensure the security of the forthcoming transactions or to effectively place the Plaintiffs and other prospective customers on notice of this fraudulent activity.

25. Okonite's silence or failure to act created the apparent authority the Plaintiffs relied upon in making the payment.

26. As of the date of this complaint Okonite has refused to discharge its duty under the agreement to deliver the electrical components to the Plaintiffs pursuant to their agreement.

27. The Plaintiffs suffered damages as a result of Okonite's breach.

## ATTORNEYS FEES:

28. Plaintiffs request their reasonable and necessary attorneys' fees as provided for in Section 38, Texas Civil Procedure & Remedies Code. Plaintiffs request its reasonable appellate attorneys' fees under both theories of recovery of fees.

---

[1] See Cherkaoui's affidavit.

## DEMAND FOR JURY TRIAL

29. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all questions of fact raised by this Original Complaint and on all other issues so triable.

## PRAYER FOR RELIEF

30. **WHEREFORE, PREMSISE CONSIDERED**, Plaintiffs pray that this Court require Defendant to appear herein, and upon final judgment grant Plaintiffs the relief requested herein, and such other and further relief as Plaintiffs may be entitled to in law or equity.

Respectfully submitted,

Dated December 21, 2022.

/s/ *Mehdi Cherkaoui*

Mehdi Cherkaoui
Southern District of Texas ID No. 2101221
Texas Bar No. 24086077
Cherkaoui & Associates P.L.L.C.
700 Louisiana Street Suite 3950
Houston, TX 77002
Phone: 281-946-9466
Fax: 877-282-7874
Mehdi@cherkaouilawfirm.com

**ATTORNEY FOR THE PLAINTIFFS**